IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-00145-FL

| | |
|---|---|
| DOCTOR B. JONES, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>RICHARD V. SPENCER, in his capacity as )<br>Secretary of theUnited States Department of )<br>the Navy, )<br>)<br>Defendant. | ORDER |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 23). Plaintiff filed response in opposition and defendant replied. In this posture, the issues raised are ripe for ruling. For reasons stated herein, defendant's motion is granted.

**BACKGROUND**

Plaintiff commenced this action on October 12, 2017, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. Plaintiff alleges age discrimination, in violation of the ADEA, race and physical disability discrimination, in violation of Title VII, and retaliation for engaging in protected activity, in violation of both Title VII and the ADEA. Plaintiff seeks declaratory relief, back pay, front pay, compensatory and non-compensatory damages, and attorney's fees and costs.

Defendant filed the instant motion to dismiss in lieu of answer on December 18, 2017. Therein, defendant asserts that plaintiff's claims are time-barred. In support of the motion, defendant relies upon the following documents: 1) Department of the Navy announcement for "Task Manager (Aircraft)" position; 2) EEO counselor's report summarizing matters giving rise to administrative complaint, dated July 22, 2011; 3) plaintiff's "Formal Complaint of Discrimination," dated September 22, 2011; 4) Department of the Navy "Notice of Receipt of Discrimination Complaint," dated September 26, 2011; 5) "Order Entering Judgment" and "Decision" from Supervisory Administrative Judge Regina N. Stephens (the "ALJ"), dated January 8, 2014; 6) "Attorney-Client Federal EEO Contract" between Ernest J. Wright ("Wright") and plaintiff, dated March 20, 2014; 7) notice of representation letter from Ernest J. Wright to Malcom G. Schaefer, Agency Representative of the Fleet Readiness Center East, dated June 18, 2014;and 8) "Notice of Appeal" letter from Wright to the Director of the Office of Federal Operations, Equal Employment Opportunity Commission ("EEOC"), dated March 13, 2015.

Plaintiff filed response in opposition to defendant's motion on January 26, 2018. In support thereof, plaintiff relies upon the following documents: 1) "Decision" from Supervisory the ALJ, dated January 8, 2014; 2) EEOC "Dismissal of Appeal," dated November 22, 2017; 3) "Notice of Appeal" letter from Wright to the Director of the Office of Federal Operations for the EEOC, dated March 13, 2015; and 4) Letter from Robert J. Barnhart, Director of the Compliance and Control Division of the Office of Federal Operations to the Department of the Navy, dated April 6, 2015. Defendant filed reply on February 20, 2018.[1]

---

[1] Plaintiff untimely filed response in opposition to defendant's motion to dismiss. On January 29, 2018, the court entered a text order staying defendant's reply time to plaintiff's response, pending decision on whether to allow plaintiff's late response to be made. Therein the court directed plaintiff to show cause by February 6, 2018, as to why the court should excuse his tardiness in filing response. On February 2, 2018, plaintiff filed response to the court's text

**STATEMENT OF FACTS**

The facts alleged in the complaint and documents integral to the complaint, as pertinent to the instant motion, may be summarized as follows. On or about January 25, 2011, plaintiff applied for the position of "Task Manager (Aircraft)" in the branch of defendant for which plaintiff was then working in Cherry Point, North Carolina. (DE 8 ¶ ¶ 4–6). Plaintiff was non-selected for the position on August 11, 2011. (Id. at ¶ 6).

Following his non-selection on August 11, 2011, plaintiff filed a formal complaint against defendant with the EEO. Therein, plaintiff alleged that defendant discriminated against him on the basis of his race, age, and physical disability. Plaintiff also alleged that defendant failed to select him for the position in retaliation for filing prior discrimination complaints.

Following investigation of his complaint, hearing was held before the ALJ on November 20, 2013. On January 8, 2014, the ALJ issued a decision finding that plaintiff failed to prove by a preponderance of evidence that defendant discriminated against him. The decision noticed plaintiff that he would have 30 days following receipt of final order from the EEO to file an appeal with the commission's Office of Federal Operations (the "OFO"). In the event the EEO failed to issue a final order, the ALJ's decision noticed plaintiff that he had the "right to file [his] own appeal any time after the conclusion of the agency's 40 day period for issuing a final order." (DE 24-5, p. 11).

**DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

---

order. On February 16, 2018, the court entered an order allowing plaintiff's late response and lifting stay as to defendant's reply time.

Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Title VII creates a right of action for certain federal employees alleging employment discrimination on the basis of race. See 42 U.S.C. § 2000e-16; Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). The ADEA creates a right of action for certain federal employees alleging employment discrimination on the basis of age. See 29 U.S.C. § 633a(a); Gomez-Perez v. Potter, 553 U.S. 474, 479 (2008).

It is well-established that a claimant must exhaust administrative remedies prior to pursuing a civil action in federal court under both Title VII and the ADEA. See Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 1981); see also Brown v. Gen. Servs. Admin. 425 U.S. 820, 832 (1976). Failure to exhaust administrative remedies will result in dismissal of claims brought under either of these statutes, unless the complainant can demonstrate that a defense of waiver, estoppel or equitable tolling applies. Id.

Pertinent here, an individual asserting a discrimination claim under Title VII or the ADEA must abide with certain administrative regulations. Under the applicable regulations, a complainant alleging discrimination against a federal employer must contact an EEO counselor and seek pre-

4

complaint counseling within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a). If counseling is unsuccessful, then the EEO must provide the complainant with notice of his right to file a formal complaint of discrimination. 29 C.F.R. § 1614.105(d). The complainant must file any formal complaint within 15 days receipt of the notice. 29 C.F.R. § 1614.106(b).

Following investigation of the formal complaint, the complainant may either request hearing and decision from an administrative law judge or request a final decision from the agency with which the complaint was filed. 29 C.F.R. § 1614.108(f). If the complainant chooses the former course of action, then "[w]hen [the] administrative judge . . . issue[s] [his or her] decision . . . , the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and . . . decision." 29 C.F.R. § 1614.110(a). The agency's final order must provide the complainant with notice of his right to appeal to the EEOC and right to file a civil action in federal district court, as well as notice of required deadlines for taking such actions. Id. If the agency fails to issue a final order within the required 40 day time period, "then the decision of the administrative judge . . . become[s] the final action of the agency." 29 C.F.R. § 1614.109(I).

A complainant may appeal the agency's final action to the EEOC's OFO within 30 days following receipt of the final agency decision. 29 C.F.R. § 1614.402(a). Alternatively, the complainant may "opt-out of the administrative process . . . by filing a de novo civil action." Laber, 438 F.3d at 416 (citing 29 C.F.R. §§ 1614.401(a), 1614.407(a); and 42 U.S.C. § 2000e-16(c)). A complainant may file a civil action in federal court 1) "[w]ithin 90 days of receipt of the final action on an individual . . . complaint if no appeal has been filed;" or 2) "[a]fter 180 days from the date of filing an individual complaint . . . if no appeal has been filed[.]" 29 C.F.R. §§ 1614.407(a) & (b).

If the complainant files appeal to the OFO, then he or she may only file a civil action in

5

federal court 1) within 90 days of receipt of the final decision on appeal; or 2) "[a]fter 180 days from the date of filing [the] appeal . . . if there has been no final decision by the Commission." 29 C.F.R. §§ 1614.407(c) & (d).

Throughout the administrative process, the complainant must be provided adequate notice of his rights, including his appeal rights and right to file a civil action in federal court. The complainant must also be provided notice of the deadlines for taking such actions. See e.g., 29 C.F.R. §§ 1614.110(a) & (b). When a complainant fails to abide by the required deadlines, the court must dismiss the action, unless waiver, estoppel or equitable tolling applies. See 29 C.F.R. § 1614.604(c); see also Zografov v. V.A. Med. Center, 779 F.2d F.2d 967, 969–70 (4th Cir. 1985) (affirming district court's dismissal of plaintiff's Title VII claims against his federal employer for failure to comply with pre-complaint administrative regulations).

Defendant contends that plaintiff's complaint should dismissed for failure to timely file appeal to the OFO, or, alternatively, for failure to timely file civil action in federal court. Here, on August 11, 2011, nine days after his non-selection for the "Task Manager (Aircraft)" position, plaintiff filed informal complaint with an EEO counselor. (See DE 8, ¶ ¶ 6–7). Pre-complaint counseling was unsuccessful and on July 22, 2011, plaintiff received notice of his right to file a formal complaint. (See DE 24-3). The notice properly informed plaintiff of his rights and applicable deadlines. (Id.). On September 23, 2011, plaintiff filed a formal complaint. Following investigation, hearing was held before an ALJ on November 20, 2013. (See DE 24-6, p. 2).

On January 8, 2014, the ALJ issued decision finding that "[b]ased on the evidence presented, [plaintiff] [had] not prove[n] by a preponderance of the evidence that he was discriminated against, as alleged." (Id.). The decision noticed plaintiff that he could file an appeal with the EEOC's OFO

within 40 days following receipt of the agency's final order. (Id. at 11). The decision further provided that "[i]f the agency fail[ed] to issue a final order, [plaintiff] [could] . . . file [his] own appeal any time after the agency's (40) day period for issuing a final order." (Id.).

Pursuant to 29 C.F.R. 1614.109(I), the ALJ's decision became the final agency decision on February 17, 2014. Under the applicable regulations, plaintiff had until March 19, 2014, or 30 days from the final agency decision, to file appeal to the OFO. See 29 C.F.R. §§ 1614.109(I) and 1614.402(a); see also Staropoli v. Donahoe, 786 F. Supp. 2d 384, 387 (D.D.C. 2011) ("In cases where an administrative judge's decision becomes the final agency action, the 30-day appeals period ordinarily starts to run following the end of the 40-day period."). In the alternative, if no appeal had been filed, plaintiff was authorized to file a civil action in federal district court within 90 days of receipt of the final action. See 29 C.F.R. §§ 1614.407(a).[2]

In contravention of 29 C.F.R. § 1614.402(a), plaintiff did not file appeal to the OFO until March 14, 2015, almost one year after the required deadline. (DE 8, ¶ 10); (see also DE 25-2, p. 1). Plaintiff also failed to timely file a civil action in federal court. Where plaintiff failed to timely file appeal to the OFO and failed to timely file an action in district court, his complaint and must be dismissed. See 29 C.F.R. § 1614.403(c) (indicating that failure to file timely appeal requires dismissal by EEOC); see also e.g., Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013); Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005); and Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Notwithstanding the foregoing, plaintiff contends that equitable tolling is applicable, where

---

[2] Plaintiff asserts that he never received final agency decision. (See DE 25, p. 3). Assuming plaintiff had not received final action on his complaint, he was required to file action in federal court within 180 days from the date he filed his formal complaint. See 29 C.F.R. § 1614.407(b).

7

he received improper notice of the applicable filing deadlines. Relevant here, administrative time limits created by the EEOC are subject to equitable tolling. See 29 C.F.R. § 1614.604(c); see also Weick v. O'Keefe, 26 F.3d 467, 470–71 (4th Cir. 1994) (indicating that a court may "excuse an untimely filing under equitable principles"). Application of equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct– it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). As relevant here, a court may properly allow tolling when a claimant receives inadequate notice. See Baldwin Cnty Welcome Center v. Brown, 466 U.S. 147, 150–51 (1984); see also Stewart v. Johnson, 125 F. Supp. 3d 554, 561, n.10 (M.D.N.C. 2015) (indicating that equitable tolling may be appropriate when a claimant receives inadequate notice). Application of equitable tolling is within the court's discretion. See Hentosh v. Old Dominion Uni., 767 F.3d 413, 417 (4th Cir. 2014).

Plaintiff contends that the ALJ's decision failed to properly advise him of the relevant deadlines for filing an appeal to the OFO and filing a civil action in federal district court. Here, the ALJ's decision provided the following notice:

> You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision, 29 C.F.R. § 1614.110(a). From the time you receive the agency's final Order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal <u>any time</u> after the conclusion of the agency's (40) day period for issuing a final order.

(DE 24-6, p. 3) (emphasis added). Notably, the ALJ's decision did not inform plaintiff that the 30-day appeals period would commence 40 days after issuance of her decision if the agency had not issued its final order by that time. The ALJ's decision also failed to inform plaintiff of deadlines for filing a civil action in federal court.

8

While the Fourth Circuit has not addressed this issue, at least one court has found that a plaintiff receiving similar notice, "did not have adequate notice of the proper time limit for appealing to the EEOC from the ALJ's decision." See Staropoli, 786 F. Supp. 2d at 392 ("Here, the chief deficiency in the ALJ's notice, as relevant to the plaintiff's appeal, was that the notice did not clearly advise the plaintiff that a 30–day appeals period would commence at the end of the agency's 40–day review period if the Agency had not issued its final order by that time. Under the EEOC's guidance documents, the notice should have contained this information." (citing EEOC Management Directive 110, Chapter 9, § II(A)(1)(b)).

Notwithstanding the foregoing, the ALJ's decision referred plaintiff to EEOC Management Directive 110, Chapter 9 § III ("Management Directive"). Chapter 9 of the Management Directive indicates that "[i]f an agency fails to take any action during the 40-day period, the [ALJ's] decision would be deemed ratified and the complainant would be entitled to file an appeal of the [ALJ's] decision as ratified after the expiration of the 40-day period." EEOC Management Directive 110, Chapter 9, § III(A)(1), n.4. The Management Directive also indicates that appeals must be filed within 30 days of the complainant's receipt of the agency's final decision. Id. at § II(A)(1).

Furthermore, other notices provided to plaintiff properly informed plaintiff of his right to appeal a final agency action and his right to file action in district court. Specifically, the "Notice of Rights and Responsibilities of Complainant," dated July 22, 2011, informed plaintiff that he had the right to file an action in district court within 180 days after filing a formal complaint or filing an appeal. (See DE 24-3, p. 6) ("You have the right to go directly to a U.S. District Court 180 calendar days after filing a formal complaint or 180 calendar days after filing an appeal"). In addition, the "Notice of Receipt of Discrimination Complaint," dated September 26, 2011, noticed plaintiff that

9

he had the right to appeal final agency decision within 30 days upon receipt thereof. (See DE 24-5, p. 2) ("[Y]ou may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 calendar days after receiving the final decision."). Where plaintiff was provided the foregoing notices during the administrative process, the court finds application of equitable tolling to be inappropriate in the instant case.

Plaintiff also contends that application of equitable tolling is appropriate where he relied on attorney advice in pursuing his legal rights. Contrary to plaintiff's contention, counsel error in interpreting a statute of limitations does not warrant application of equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to rise the extraordinary circumstances required for equitable tolling.") (citing Merrit v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003). Accordingly, equitable tolling is not applicable on this basis.

In sum, where plaintiff failed to properly follow applicable administrative deadlines, his complaint must be dismissed. See e.g., Balas, 711 F.3d at 407; Miles, 429 F.3d at 491; and Bryant, 288 F.3d at 132. For reasons stated more thoroughly herein, the court declines to apply equitable tolling under the present circumstances.

## CONCLUSION

Based on the foregoing, the court, the court GRANTS defendant's motion to dismiss. (DE 23). Plaintiff's complaint is DISMISSED for failure to exhaust administrative remedies. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge